**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

JAMES L. SHINKLE,

    Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

No. C 15-4023-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING REPORT AND
RECOMMENDATION**

_____

**TABLE OF CONTENTS**

*I.   INTRODUCTION*..................................................................................*2*

*II.  LEGAL ANALYSIS* ..............................................................................*3*
    *A.   Standard Of Review* .................................................................*3*
    *B.   Review Of Shinkle's Objections*..................................................*5*
        *1.   Substantial evidence on the record as a whole*......................*5*
        *2.   Discounting of certain opinions* ..........................................*5*
            *a.   The opinions at issue* ..............................................*5*
            *b.   Arguments of the parties* .........................................*9*
            *c.   Analysis*.................................................................*9*
        *3.   Omission of limitations from the RFC* .............................. *11*
            *a.   The RFC determination*......................................... *11*
            *b.   Arguments of the parties* ....................................... *12*
            *c.   Analysis*............................................................... *13*
        *4.   Discounting of the credibility of Shinkle's subjective
           complaints* ..................................................................... *13*
            *a.   The credibility determination* ................................. *14*
            *b.   Arguments of the parties* ....................................... *16*
            *c.   Analysis*............................................................... *16*
        *5.   Reprise of the first objection* ........................................... *18*
    *C.   Clear Error Review*................................................................ *18*

*III. CONCLUSION* ................................................................................ *19*

## I. INTRODUCTION

This is an action for judicial review by plaintiff James L. Shinkle of a final decision of the Commissioner of Social Security (the Commissioner) denying Shinkle's application for Title II disability insurance benefits (DI) and Title XVI supplemental security income benefits (SSI) under the Social Security Act, 42 U.S.C. § 401 *et seq*. In a Report And Recommendation (docket no. 17), filed December 22, 2015, Chief United States Magistrate Judge Jon S. Scoles recommended that I affirm the Commissioner's determination that Shinkle was not disabled during the relevant period and enter judgment against Shinkle and in favor of the Commissioner.

On January 5, 2016, Shinkle filed his Objections To Report And Recommendation (Objections) (docket no. 18). Shinkle objects to four of Judge Scoles's conclusions: (1) the conclusion that substantial evidence on the record as a whole supports the decision to deny Shinkle benefits; (2) the conclusion that the administrative law judge (ALJ) did not err by discounting the opinions of two consulting psychologists, Dr. Marandola and Dr. Baker, and the opinion of Terry Hey, LCSW, a treating counselor; (3) the conclusion that substantial evidence on the record as a whole supports the ALJ's refusal to include limitations on Shinkle's memory, concentration, persistence, and pace in Shinkle's residual functional capacity (RFC); and (4) the conclusion that the ALJ's credibility determination as to Shinkle's subjective complaints is supported by substantial evidence on the record as a whole. On January 11, 2016, the Commissioner filed a Response To Plaintiff's Objections To Magistrate Judge's Report And Recommendation (docket no. 19) asserting that the challenged conclusions are all properly supported by the record.

Thus, I must review Judge Scoles's Report And Recommendation in light of Shinkle's Objections.

## II. LEGAL ANALYSIS
### A. Standard Of Review

The applicable statute expressly provides for *de novo* review by a district judge of a magistrate judge's report and recommendation *when objections are made*, as follows:

> *A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.* A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006) (emphasis added); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). Thus, "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). In other words, the specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation. In most cases, to trigger *de novo* review, "objections must be timely and specific." *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).[1] The statutory

---

[1] The Eighth Circuit Court of Appeals has been willing to "liberally construe[]" otherwise general *pro se* objections to require a *de novo* review of all "alleged errors," *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995), and has also been willing to conclude that general objections require "full de novo review" if the record is concise, *Belk*, 15 F.3d at 815 ("Therefore, even had petitioner's objections lacked specificity, a de novo review would still have been appropriate given such a concise record."). Here,

3

standard does not preclude *de novo* review by the district court in other circumstances, however. Rather, "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a de novo or any other standard." *Id.*²

When objections have been made, and the magistrate judge's report is based upon an evidentiary hearing, "'the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing.'" *United States v. Azure*, 539 F.3d 904, 910 (8th Cir. 2008) (quoting *Jones v. Pillow*, 47 F.3d 251, 252 (8th Cir. 1995), in turn quoting *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)). Judge Scoles did not hold an evidentiary hearing or oral arguments on Shinkle's Complaint. Rather, he considered only the parties' written submissions, and I have done the same.

---

Shinkle is represented by counsel, so the first basis for liberal construction does not apply. I will consider, *infra*, whether the objections are sufficiently specific.

² *In the absence of an objection*, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150; *see also Peretz v. United States*, 501 U.S. 923, 939 (1991) (stating that § 636(b)(1) "provide[s] for de novo review only when a party objected to the magistrate's findings or recommendations" (emphasis added)); *United States v. Ewing*, 632 F.3d 412, 415 (8th Cir. 2011) ("By failing to file objections, Ewing waived his right to de novo review [of a magistrate judge's report and recommendation on a suppression motion] by the district court."). The Eighth Circuit Court of Appeals has indicated, however, that a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting that the Advisory Committee's Note to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record").

4

I will review Judge Scoles's Report And Recommendations with these standards in mind.

### B. *Review Of Shinkle's Objections*

As noted, above, Shinkle makes four objections to Judge Scoles's Report And Recommendation. I will consider these objections in turn.

#### 1. *Substantial evidence on the record as a whole*

Shinkle's first objection is to Judge Scoles's conclusion that substantial evidence on the record as a whole supports the decision of the Commissioner to deny Shinkle benefits. This objection is nothing more than an "umbrella" objection, however. As Shinkle explains, he challenges the findings that were the basis of the ALJ's conclusion at the fifth step of the analysis—that Shinkle can perform other jobs in the economy and, therefore, is not disabled—and objects to the Report and Recommendation's findings that sustained the ALJ's conclusions. Objections at 10. Thus, I will sustain or overrule this general objection based on my review of Shinkle's other, more specific objections.

#### 2. *Discounting of certain opinions*

Shinkle's first specific objection is to Judge Scoles's conclusion that the ALJ did not err by discounting the opinions of Dr. Marandola, a psychologist, Dr. Baker, also a psychologist, and Terry Hey, LCSW, a treating counselor. Upon *de novo* review of this objection, I turn, first, to the ALJ's analysis of the opinions of these mental health professionals.

##### a. *The opinions at issue*

As to Dr. Marandola, the ALJ explained,

> In connection with his applications for Social Security Administration benefits, the claimant was scheduled for and underwent a consultative psychological evaluation on August 19, 2009 performed by Dr. Denise Marandola. (Exhibit 5F)

> Upon evaluation, Dr. Marandola said that the claimant was generally oriented to person, place and time; however, he was off on the date by one day. In addition, she stated that the claimant performed registration, naming, repetition, comprehension, reading, writing, and drawing tasks all "without error." Per Dr. Marandola, the claimant's cognitive impairment was "mild." She did, however, say that the claimant demonstrated poor attention and concentration during serial 7's as he would lose track of where he left off and had to repeat himself to remember. Likewise, she said that he also had difficulty with recall, and could only remember two out of three words after a brief interval. (Exhibit 5F/3) As part of this evaluation, the claimant was administered the Beck Depression Inventory-second edition ("BDI-II") and the Beck Anxiety Inventory ("BAI"). The claimant's responses resulted in a score of 33 falling in the severe range of depression on the BDI-II and his responses resulted in a score of 22 on the BAI falling in the moderate range of anxiety. (Exhibit 5F/3-5F/4) Ultimately, Dr. Marandola diagnosed the claimant with a panic disorder without agoraphobia; major depressive disorder, recurrent, severe without psychotic features; primary insomnia; amphetamine abuse in partial remission; and gave him a GAF score of 50. At that time, Dr. Marandola also provided her opinions and reports as to the limiting effects of the claimant's conditions. (Exhibit 5F/4) *First, although Dr. Marandola is an acceptable medical source, her opinions and reports were based on a one-time assessment of the claimant's conditions. Additionally, the claimant was receiving no therapy or taking medications for his mental conditions at the time Dr. Marandola provided her assessment. (Exhibit SF /2) Moreover, the opinions and reports of Dr. Marandola are inconsistent with the claimant's reported activities (discussed below). Thus, the opinions and reports of Dr. Marandola are only given some weight.*

ALJ's Decision, Appendix (docket no. 18-2), 19 (emphasis added).

As to Ms. Hey, the ALJ explained,

> In December 2012, Terry Hey, social worker, opined that the claimant was completely mentally disabled due to the fact that he has paranoid schizophrenia. She was also of the opinion that such condition rendered the claimant unemployable as he would not be able to handle expectations of an employer, the demands of a job, or the close proximity of co-workers. (Exhibit 22F/2) *First, although Ms. Hey LCSW is a treating source she is not an acceptable medical source and as a social worker not trained to make the diagnosis of schizophrenia. In addition, Ms. Hey's opinion is without support from other substantial evidence in [the] record and is inconsistent with the claimant's activities (discussed below). Moreover, there is <u>no</u> indication in the record that the claimant has a diagnosis of paranoid schizophrenia made by an acceptable medical source. Claimant told Dr. Baker that he has "schizophrenia by history." Based on the foregoing reasons, Ms. Hey's opinion is given very little weight.*

ALJ's Decision, Appendix at 21 (italics added; underlining in original).

As to Dr. Baker, the ALJ explained,

> Post hearing in an attempt to determine if claimant is paranoid schizophrenic, a consultative evaluation was undertaken. In August 2013, Dr. Michael Baker, a consultative examiner, reported that the claimant had paranoid schizophrenia (reported by history); a mood disorder, NOS vs. major depressive disorder, recurrent, severe without psychotic features; an anxiety disorder, NOS with generalized and social characteristics; and gave him a GAF score of 45, indicative of severe symptoms. (Exhibits 25F, and 25F/5) At that time, Dr. Baker also provided his opinions and reports as to the limiting effects of the claimant's conditions. (Exhibit 25F/4, and 26F) *First, although Dr. Baker is an acceptable medical source, his opinions and reports were based on a one-time assessment of the claimant's conditions. In addition, his*

7

> *opinions and reports are not consistent with other substantial evidence in record from the treating source PA Reddy, including the claimant's GAF score of 60 indicative of moderate symptoms provided by a treating provider as late as June 2013. (Exhibit 23F/5) Moreover, the opinions and reports of Dr. Baker are inconsistent with the claimant's activities (discussed below). Thus, the opinions and reports of Dr. Baker to the extent claimant is given a GAF of 45 and classified as a schizophrenic are not given great weight.*

ALJ's Decision, Appendix at 21 (emphasis added).

The ALJ identified the following record evidence as inconsistent with the opinions of these mental health professionals:

> In statements of record submitted to the Social Security Administration and/or testimony as provided by the claimant, the claimant indicated that he could do the following: generally perform his day-to-day personal care activities; prepare his own meals; perform household chores (wash dishes, and do laundry); drive; and shop at stores for clothes and personal items; talk to friends; live with a friend; attend church; read as a hobby once or twice a day; watch television; pay bills; handle a savings account and use a checkbook/money orders; use a computer; and answer phones for his friend Edwin Luikart at his office and wait on customers a few hours a day. The activities that the claimant is able to engage in are not consistent with that of a disabled person. Additionally, the treatment that the claimant received for his severe impairments has generally been rather routine and conservative in nature. Moreover, as mentioned previously, there has been significant amounts of time when the claimant was receiving little or no treatment.

ALJ's Decision, Appendix at 22.

### b. Arguments of the parties

Shinkle argues that Dr. Marandola and Dr. Baker both examined Shinkle "thoroughly" and found that his mental health problems were significantly limiting, but the ALJ discounted their findings on the ground that they were not corroborated by evidence of treating providers. Shinkle points out that Terry Hey, his treating counselor, found that he was completely mentally disabled by paranoid schizophrenia. Shinkle argues that, taken together, the opinions of Dr. Marandola, Dr. Baker, and Ms. Hey— as well as evidence from another counselor, Wade Kuehl—"conclusively" support a finding of disability. He points to the GAF scores of 50 and 45 given by Drs. Marandola and Baker, respectively, and contends that, even if higher GAF scores were periodically given by other mental health professionals, those higher periodic scores are not sufficient to reject the opinions of Drs. Marandola and Baker, because mental health symptoms can wax and wane. The Commissioner points out that Shinkle does not reconcile his argument that the ALJ should not have considered higher GAF scores, because mental health symptoms can wax and wane, with his argument that the ALJ should have focused only on the lowest GAF scores given.

### c. Analysis

Upon *de novo* review, 28 U.S.C. § 636(b)(1); *Thomas*, 474 U.S. at 154, I agree with Judge Scoles that the ALJ properly discounted the opinions of Drs. Marandola and Baker and LCSW Hey. The Eighth Circuit Court of Appeals has recognized that the opinions of consulting health professionals who examine a claimant once do not generally constitute substantial evidence, *see Teague v. Astrue*, 638 F.3d 611, 615 (8th Cir. 2011) ("A single evaluation by a nontreating psychologist is generally not entitled to controlling weight."), which is contrary to Shinkle's contention, here, that such opinions should be "conclusive." Moreover, a consulting health professional's opinion is entitled to even less weight to the extent that it is based on a claimant's subjective complaints, *see Kirby*

9

*v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007), as was Dr. Baker's diagnosis of Shinkle's supposed paranoid schizophrenia, because it was based only on Shinkle's statement. An ALJ may also reject opinions of consulting health professionals when their opinions or the results of their testing are inconsistent with the claimant's daily activities, *Chunn v. Barnhart*, 397 F.3d 667, 672 (8th Cir. 2005), or are inconsistent with other, better, or more thorough professional opinions or records, *Wagner v. Astrue*, 499 F.3d 842, 849 (8th Cir. 2007), and/or are inconsistent with the record as a whole. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

More specifically, as the ALJ noted, there is no diagnosis of Shinkle with paranoid schizophrenia by any acceptable medical source—and the ALJ was correct that Ms. Hey, as a licensed social worker, is not an "acceptable medical source." *See* 20 C.F.R. § 404.1513(a); SSR 06–3p; *Tindell v. Barnhart*, 444 F.3d 1002, 1005 (8th Cir. 2006). Also, the low GAF scores from Drs. Marandola and Baker are inconsistent with generally higher and improving GAF scores from other mental health professionals from 2009 through 2012. *See* ALJ's Decision, Appendix at 20-21. Indeed, an ALJ may permissibly "afford greater weight to medical evidence and testimony than to GAF scores when the evidence requires it." *Jones v. Astrue*, 619 F.3d 963, 974 (8th Cir. 2010). Here, the ALJ could also properly conclude that the evaluations of Drs. Marandola and Baker and LCSW Hey are inconsistent with Shinkle's daily activities, as set out by the ALJ and quoted, above, *see Chunn*, 397 F.3d at 672, and with Shinkle's "conservative" treatment, *see Wagner*, 499 F.3d at 849.

Shinkle's objection to the part of the Report And Recommendation recommending that I affirm the ALJ's rejection or discounting of the opinions of Drs. Marandola and Baker and LCSW Hey is overruled.

### 3. *Omission of limitations from the RFC*

Shinkle's next objection to the Report And Recommendation is to the conclusion that substantial evidence on the record as a whole supports the ALJ's refusal to include limitations on Shinkle's memory, concentration, persistence, and pace in Shinkle's RFC. Again, I begin my *de novo* review with a summary of the ALJ's consideration of Shinkle's memory, concentration, persistence, and pace, and the ALJ's determination of Shinkle's RFC.

#### a. *The RFC determination*

The ALJ did recognize, "With regard to concentration, persistence or pace, the claimant has moderate difficulties." ALJ's Decision, Appendix at 15. However, the ALJ immediately thereafter contrasted these difficulties with Shinkle's daily activities, noting,

> The claimant reads as a hobby once or twice a day, watches television, and can pay bills. (Exhibits 6E-7E) He can also handle a savings account and use a checkbook/money orders. (Exhibit 7E)

ALJ's Decision, Appendix at 15. Notwithstanding this contrast, the ALJ concluded, "The claimant does, however, need unskilled work (SVP 1 or 2) which is routine repetitive work and work that does not require extended concentration or attention." *Id.* at 16.

The ALJ then incorporated into her formulation of Shinkle's RFC her conclusions about the effects of Shinkle's limitations on concentration, persistence, or pace, as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except as follows:

> The claimant can only lift or carry 20 pounds occasionally and 10 pounds frequently. In an 8-hour day, he can stand 6 hours, sit 6 hours, or walk 6 hours. The claimant can occasionally perform postural activities. He has no other physical restrictions.
>
> *Mentally, the claimant needs unskilled work (SVP 1 or 2) which is routine repetitive work and work that does not require extended concentration or attention.* The claimant's social interactions can be brief and superficial, up to occasional but avoid constant or intense interactions with the public, co-workers, and supervisors.

ALJ's Decision, Appendix at 16 (emphasis added).

The ALJ also acknowledged that Shinkle had "reported that he sometimes experiences difficulty with concentration," *id*. at 17, but the ALJ ultimately did not find Shinkle's subjective testimony about his limitations entirely credible, which is a conclusion that will be addressed in my consideration of a later objection.

### b. *Arguments of the parties*

Shinkle acknowledges that the ALJ's RFC determination does mention that Shinkle needs to do work that does not require extended concentration or attention, but he argues that this RFC determination fails to include the more significant limitations found by Dr. Baker. He argues that this flawed RFC, in turn, affected the hypothetical question posed to the vocational expert (VE). Shinkle argues that the ALJ gives no adequate explanation for omitting these limitations from the RFC. The Commissioner incorporates by reference her arguments in her original brief that the ALJ properly assessed Shinkle's RFC and incorporated appropriate limitations to address Shinkle's difficulties with memory, concentration, persistence, and pace.

### c. *Analysis*

First, because I have concluded that the ALJ properly could have discounted Dr. Baker's opinions, the fact that Dr. Baker found significant limitations in Shinkle's memory, concentration, persistence, and pace does not require rejection of the ALJ's formulation of Shinkle's RFC. Second, as will be explained, below, the ALJ stated adequate reasons for not finding entirely credible Shinkle's subjective complaints about his memory and concentration and other limitations.

Moreover, upon *de novo* review, 28 U.S.C. § 636(b)(1); *Thomas*, 474 U.S. at 154, I agree with Judge Scoles that the ALJ properly considered the medical evidence and records in formulating Shinkle's RFC, as well as in formulating the question to the VE, and that substantial evidence supports the ALJ's formulations. In making the RFC finding, the ALJ properly considered and weighed available medical and other relevant record evidence and specifically based her finding on an independent review of the medical records, the care providers' treatment notes, Shinkle's medication and work history, and his record of treatment. *See Cox v. Astrue*, 495 F.3d 614, 619–20 (8th Cir. 2007). Furthermore, a hypothetical to the VE "is sufficient if it sets forth the impairments which are accepted as true by the ALJ." *Clay v. Barnhart*, 417 F.3d 922, 931 (8th Cir. 2005). Finally, I do not find any reversible error in the ALJ's failure to reference, more explicitly, memory, concentration, persistence, and pace in her determination of Shinkle's RFC, where the ALJ's formulation addressed the nature and extent of the *impairments* resulting from Shinkle's difficulties with memory, concentration, persistence, and pace that the ALJ found credible. *Id*.

Shinkle's third objection is overruled.

### 4. *Discounting of the credibility of Shinkle's subjective complaints*

Shinkle's last objection is to the conclusion that the ALJ's credibility determination as to Shinkle's subjective complaints is supported by substantial evidence on the record

as a whole. Once again, I begin my analysis of this objection with a review of the ALJ's credibility determination.

### a. *The credibility determination*

The ALJ explained, "After careful consideration of the medical evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." ALJ's Decision, Appendix at 18. For example, the ALJ detailed the treatment records for Shinkle's mental complaints, and concluded that such treatment was "routine and conservative," that his symptoms were mild, and that his GAF scores generally increased. *See id.* at 20-21.

More specifically, the ALJ laid out the factors leading to her credibility determination, as follows:

> The claimant is not a fully credible witness and his subjective complaints are out of proportion to the objective evidence. In statements of record submitted to the Social Security Administration and/or testimony as provided by the claimant, the claimant indicated that he could do the following: generally perform his day-to-day personal care activities; prepare his own meals; perform household chores (wash dishes, and do laundry); drive; and shop at stores for clothes and personal items; talk to friends; live with a friend; attend church; read as a hobby once or twice a day; watch television; pay bills; handle a savings account and use a checkbook/money orders; use a computer; and answer phones for his friend Edwin Luikart at his office and wait on customers a few hours a day. The activities that the claimant is able to engage in are not consistent with that of a disabled person. Additionally, the treatment that the claimant received

14

for his severe impairments has generally been rather routine and conservative in nature. Moreover, as mentioned previously, there has been significant amounts of time when the claimant was receiving little or no treatment.

Other factors eroding the claimant's credibility include the claimant testifying if he walks 10 feet, the pain in his feet is aggravated and that sitting also aggravates the pain affecting his feet. Claimant said he has a ten pound back restriction but there is nothing to support this assertion. His diagnosis in 2008 was "low back strain". His neck MRI at 11F did not suggest a need for orthopedic referral (see 1F/7 and 7F/2). A MRI dated December 21, 2009 was normal. This MRI was done for the purpose of litigation after a car accident, and claimant said the insurance company disputed the claim.

Further, the record does not demonstrate that the claimant made such complaints to his medical providers on a consistent or frequent basis. Likewise, the record does not indicate that the claimant generally had complaints about his ability to lift. Additionally, as mentioned previously, the severity of the claimant's alleged symptoms did not prompt him to seek emergency room care or result in any hospitalizations. Moreover, an overview of the record reveals that the severity of the claimant's alleged symptoms are inconsistent with the evidence in record; further eroding his credibility. Lastly, by his own admission, the claimant said that he has not had a panic attack in a year; also calling his credibility into question.

In sum, based on the total record, the claimant's symptoms and impairments are not as severe as alleged and the undersigned has not given great weight to the claimant's implicit allegation that he is unable to engage in any and all kinds of full-time, competitive, gainful employment on a sustained basis.

ALJ's Decision, Appendix at 22-23.

### b. *Arguments of the parties*

Shinkle argues that the the ALJ found that he was not credible, primarily based on her conclusion that the medical evidence does not support his testimony, as well as her finding that his daily activities were inconsistent with a claim of disability. He argues, however, that his complaints could reasonably be expected to arise from his mental and physical impairments. He also contends that the ALJ's reliance on his daily activities overlooked the fact that disability benefits claimants are not required to prove total incapacity; that his activities were, in fact, minimal; and that his activities are not inconsistent with a disability determination. He also argues that, where his mental impairments were at issue, it was improper to rely on his delay or failure to seek or follow through with treatment.

The Commissioner responds specifically to Shinkle's last argument, contending that it is "new." The Commissioner contends that the ALJ relied on Shinkle's failure to take medication that he had already been prescribed. The Commissioner also points out that the ALJ's credibility assessment includes a detailed description of the discrepancies between Shinkle's allegations and the medical evidence, his activities, and his inconsistent statements.

### c. *Analysis*

Upon *de novo* review, 28 U.S.C. § 636(b)(1); *Thomas*, 474 U.S. at 154, I agree with Judge Scoles's conclusion that the ALJ did not erroneously discount the credibility of Shinkle's subjective complaints. The Eighth Circuit Court of Appeals recently summarized the standards for discounting a claimant's subjective complaints of impairments, as follows:

> "Where objective evidence does not fully support the degree of severity in a claimant's subjective complaints of pain, the ALJ must consider all evidence relevant to those complaints." *Holmstrom v. Massanari*, 270 F.3d 715, 721

> (8th Cir.2001) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984)). This includes evidence pertaining to "the claimant's daily activities"; "the duration, frequency and intensity of the pain"; "precipitating and aggravating factors"; "dosage, effectiveness and side effects of medication"; and "functional restrictions." *Polaski*, 739 F.2d at 1322. Of course, "[t]he ALJ need not explicitly discuss each *Polaski* factor. It is sufficient if he acknowledges and considers those factors before discounting a claimant's subjective complaints." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004) (internal citations omitted). "The ALJ may discount complaints of pain if they are inconsistent with the evidence as a whole. If the ALJ discredits a claimant's credibility and gives a good reason for doing so, we will defer to its judgment even if every factor is not discussed in depth." *Perkins [v. Astrue]*, 648 F.3d [892,] 900 [(8th Cir.2011)] (quotations and citations omitted).

*Milam v. Colvin*, 794 F.3d 976, 984 (8th Cir. 2015); *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014) (explaining that, if the ALJ gave several valid reasons for finding a claimant's subjective complaints and limitations not fully credible, the court must defer to the ALJ's credibility determination). Here, contrary to Shinkle's contentions, the portions of the ALJ's Decision at 22-23, quoted above, demonstrate that the ALJ considered appropriate factors and gave good reasons for discounting Shinkle's credibility. *Id.*

Shinkle contends that the ALJ improperly relied on his failure to follow through with treatment as a basis for discounting his credibility, but that the ALJ did not consider the effect of his mental impairments on his ability to follow through with treatment. If the record reflects reasons other than mental impairments for a claimant's ongoing failure to comply with a prescribed course of treatment, then the ALJ may properly consider such failure to comply in discounting the credibility of the claimant's subjective

17

complaints.  *See Waldman v. Astrue*, 596 F.3d 959, 968-69 (8th Cir. 2010).  The critical point, in this case, however, is that neither the ALJ nor Judge Scoles found Shinkle's failure to follow through with treatment was a basis for discounting Shinkle's credibility. Rather the ALJ actually relied on the "void" in the record of any treatment for Shinkle's allegedly severe mental conditions in 2009, *see* ALJ's Decision, Appendix at 19; the "routine and conservative" nature of his treatment for his mental difficulties over the entire period in question, *see id*. at 20; and the "significant amounts of time when the claimant was receiving little or no treatment," *see id*.  Thus, the ALJ discounted the credibility of Shinkle's complaints of mental difficulties on the basis that they were inconsistent with the *medical records*, not on the basis that they were undermined by Shinkle's failure to follow through with treatment.  *Milam*, 794 F.3d at 984 (credibility determinations may be based on the record as a whole, including, *inter alia*, actual medical treatment).

Shinkle's fourth objection is overruled.

### 5. *Reprise of the first objection*

Because I have overruled all of Shinkle's specific objections, it follows that I must now overrule Shinkle's first, "umbrella" objection, which was to Judge Scoles's conclusion that substantial evidence on the record as a whole supports the decision of the Commissioner to deny Shinkle benefits.  To the contrary, my *de novo* review leads me to the conclusion that Judge Scoles properly concluded that the ALJ's decision to deny benefits *was* supported by substantial evidence on the record as a whole.

## C. *Clear Error Review*

As mentioned, above, the Eighth Circuit Court of Appeals has indicated that, at a minimum, a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous"

18

standard of review. *See Grinder*, 73 F.3d at 795; *Taylor*, 910 F.2d at 520. I have considered the remainder of Judge Scoles's Report And Recommendation, to which no objections were made, and I find no "clear error" in those portions.

### III. CONCLUSION

Upon the foregoing,

1. Shinkle's January 5, 2016, Objections To Report And Recommendation (docket no. 18) are **overruled**;

2. I **accept** Chief United States Magistrate Judge Jon S. Scoles's December 22, 2015, Report And Recommendation (docket no. 17), **without modification**, *see* 28 U.S.C. § 636(b)(1) (2006;.

3. Pursuant to Judge Scoles's recommendations and my review,

   a. The Commissioner's determination that Shinkle was not disabled is **affirmed**; and

   b. Judgment shall enter against Shinkle and in favor of the Commissioner.

**IT IS SO ORDERED**.

**DATED** this 22nd day of January, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA